**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

RONALD D. COMEAUX

VERSUS

THE DOW CHEMICAL COMPANY,
ET AL.

CIVIL ACTION

NO. 24-667-JWD-EWD

**RULING AND ORDER**

This matter comes before the Court on the *Motion for Summary Judgment* ("*MSJ*") (Doc. 35) filed by Defendant The Dow Chemical Company ("Defendant" or "Dow Chemical").[1] Plaintiff Ronald D. Comeaux ("Plaintiff" or "Comeaux") opposes the motion. (Doc. 41.)[2] Defendant filed a reply. (Doc. 43.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, the Court will grant Defendant's *MSJ*.

**I.    PRELIMINARY ISSUES**

   **A.    Non-Compliance with Local Rules**

At the outset, the Court notes that the *Statement of Disputed Material Facts* ("*Opposing Statement*") included in Plaintiff's *Opposition* does not conform to the Local Rules. Local Rule 56(c) provides in relevant part: "A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts," which "shall admit, deny[,] or qualify the facts by reference to each numbered paragraph of the moving party's

---

[1] Indemnity Insurance Company of North America also brought the instant motion, but it has since been dismissed from the suit without prejudice. (Doc. 48 at 1.) Thus, in this *Ruling and Order*, the Court will refer only to Dow Chemical, sometimes simply called "Defendant."

[2] Subsequently, Plaintiff also filed a *Motion to Append Exhibit* (Doc. 44) to his *Opposition*. This exhibit is an estimate of the cost of demolition, provided by Morgan Construction Service, LLC. (*See* Doc. 44 at 2; Doc. 44-2 at 1.) Dow Chemical opposes this motion. (Doc. 47.) Plaintiff did not file a reply. (*See* Doc. 45.) The instant *Ruling and Order* in no way depends on the cost of demolition—or, more generally, Plaintiff's ability to prove any amount of damages. Thus, the Court need not reach the substance of Plaintiff's motion.

statement of material facts." M.D. La. Civ. R. 56(c). "[U]nless a fact is admitted," the opposing statement "shall support each denial or qualification *by a record citation*." *Id.* (emphasis added). "The opposing statement may contain in a separately filed section additional facts, each set forth in a separately numbered paragraph *and supported by a record citation . . . .*" *Id.* (emphasis added).

Local Rule 56(f) clarifies that "[a]n assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion." M.D. La. Civ. R. 56(f). The sub-section continues: "The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement[s] of facts." *Id.*

Here, Plaintiff's *Opposing Statement* is not "separate." Rather, it has been combined with Plaintiff's memorandum in opposition to the motion for summary judgment. (*See* Doc. 41 at 2–3.) More importantly, though, the *Opposing Statement* disputes just a handful of the facts contained in Defendant's *Statement of Material Facts* ("*SMF*")—without addressing most others. (*Compare* Doc. 35-2 at 1–3, *with* Doc. 41 at 2–3.) The *Opposing Statement* does not refer to the numbered paragraphs of Defendant's *SMF*. (*See* Doc. 41 at 2–3.) And it does not contain a single record citation. (*See id.*) Plaintiff does not set forth any additional facts, (*see id.*), at least not in proper form (i.e., in numbered paragraphs, with record citations), (*see id.*; Doc. 41-1 at 1–2).

Consistent with the Local Rules, the Court will disregard Plaintiff's *Opposing Statement* due to its multiple deficiencies. *See* M.D. La. Civ. R. 56(c), (f); *see also D'Amico v. State Farm Fire & Cas. Co.*, No. 24-899, 2026 WL 1471211, at *1 & n.1 (M.D. La. May 26, 2026) (deGravelles, J.). And because the *SMF* has not been properly controverted, the Court will deem the facts therein admitted for summary judgment purposes. M.D. La. Civ. R. 56(f); *see also* Fed.

2

R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion . . . .").

### B.     Briefing

Like the *Opposing Statement*, Plaintiff's *Opposition* is generally devoid of record citations. (*See* Doc. 41 at 3–17.) And it cites just one case. (*See id.* at 13.) Local Rule 7(f) requires that a memorandum in opposition to a motion "include *appropriate citations* to direct the Court to specific references within cited supporting material." M.D. La. Civ. R. 7(f) (emphasis added). Likewise, a party opposing a motion must cite any authorities upon which he has relied. *See id.* But here, even if the Court considers all record evidence, and even if the Court credits Plaintiff's arguments, summary judgment is nevertheless appropriate. *See Braud v. Wal-Mart Stores, Inc.*, No. 17-320, 2019 WL 3364320, at *4 (M.D. La. July 25, 2019) (deGravelles, J.) (citing *Smith v. Brenoettsy*, 158 F.3d 908, 910 (5th Cir. 1998)) ("[C]ase law recognizes that the Court can still consider record evidence to determine if there is a factual dispute."); *see also D'Amico*, 2026 WL 1471211, at *2 ("[T]he outcome would not change even if the Court were to accept as true all facts and arguments contained in Plaintiff's *Opposition*.").

## II.     RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Plaintiff alleges that his property—*viz.*, a home which he rents to others ("the Rental Property")—was damaged by seismic activity and/or shockwaves following one or more explosions which occurred on July 14, 2023, at a facility owned by Dow Chemical ("the Explosion"). (Doc. 35-2 at 1, ¶ 1; *accord* Doc. 19 at 2, 5, ¶¶ II–V, XIII.) Specifically, Plaintiff says, these forces "damaged the concrete blocks, mortar[,] and thick concrete foundation of the [Rental Property]," rendering it "uninhabitable." (Doc. 19 at 5, ¶ XIII; *see also* Doc. 35-3 at 3–27

3

(identifying "cracking" throughout the Rental Property).) Plaintiff attributes the damage sustained by the Rental Property to Dow Chemical's negligence. (Doc. 19 at 4–6, ¶¶ XI–XII, XIV–XVI.)

Plaintiff filed suit in the 18th Judicial District Court, Parish of Iberville, on July 3, 2024. (Doc. 35-2 at 1, ¶ 1; *see also* Doc. 1 at 1.) Pursuant to 28 U.S.C. §§ 1332 and 1441, Dow Chemical removed the suit to this Court on August 15, 2024. (Doc. 1 at 1.) On May 8, 2025, the Court modified its scheduling order, extending all deadlines. (*Compare* Doc. 16, *with* Doc. 27.) "Discovery in this matter is [now] closed." (Doc. 35-2 at 3, ¶ 13 (citing Doc. 27).) Plaintiff's expert witness list was due September 4, 2025; his expert reports were due November 12, 2025. (Doc. 27 at 1; *see also* Doc. 35-2 at 3, ¶ 14 ("The expert disclosure deadline and report deadline have passed.").) To date, Plaintiff has provided reports for just two experts: Benjamin Rayner and Dale Dupont. (Doc. 35-2 at 1, ¶ 3 (citing Docs. 35-3, 35-5).)

Rayner "offers no opinion on the actual cause of the alleged Explosion," nor does he opine on "the creation of any type or intensity of forces resulting from same" (i.e., any seismic activity and/or shockwaves). (*Id.* at 2, ¶ 4 (citing Doc. 35-3).) Dupont's report concerns only the market value of the Rental Property. (*See* Doc. 35-5 at 1, 6–7.) Thus, "Plaintiff has not identified" an expert or "provided an expert report" addressing (1) "the actual cause" of the Explosion, (2) "the type and/or intensity of forces" created by the Explosion, or (3) the effect of any such forces on the Rental Property. (Doc. 35-2 at 2, ¶¶ 7–9 (citing Doc. 28 at 1; Doc. 35-4 at 89–91).)[3] As well, neither Rayner nor Dupont has opined on whether the Rental Property is uninhabitable, nor has

---

[3] Plaintiff's expert witness list includes Dr. Darrell Henry, who apparently observed that a seismometer located at Louisiana State University recorded activity at the time of the Explosion. (Doc. 28 at 1.) But Plaintiff designates Henry—whose identity "was gleaned from an article on the WAFB TV, Baton Rouge, Louisiana web site"—as a fact witness, "not a hired expert of Plaintiff." (*Id.*) Plaintiff has not provided an expert report by Henry. And Plaintiff's *Opposition* does not mention Henry.

Plaintiff offered any evidence to that effect. (*Id.* ¶¶ 5–6, 10 (citing Doc. 35-4 at 116–17; Doc. 35-5 at 1–7).) Dow Chemical now moves for summary judgment. (Doc. 35.)

### III.    RULE 56 STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the initial burden and must identify 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted)).

"A movant for summary judgment need not set forth evidence when the nonmovant bears the burden of persuasion at trial." *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019) (citing *Celotex*, 477 U.S. at 323 ("[W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." (emphasis in original))). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Id.* (quoting *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002)).

If the movant bears its burden of showing that there is no genuine issue of material fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal citations omitted) (quoting Fed. R. Civ. P. 56(e)). The nonmovant's

burden is not satisfied by "conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (cleaned up); *see also* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."); Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . ."); *cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). The court "resolve[s] factual controversies in favor of the nonmoving party . . . only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. The court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* (emphasis omitted) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (cleaned up). Further:

> In resolving the motion [for summary judgment], the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion.

*Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991) (citations omitted).

## IV. PARTIES' ARGUMENTS

### A. Defendant's *MSJ* (Doc. 35)

Dow Chemical notes that, although Rayner's report "contains some general conclusions" (e.g., about the cause of the cracking at the Rental Property), it is "devoid of any [supporting] calculations, measurements, or scientific data." (Doc. 35-1 at 3 (citing Doc. 35-3 at 1).) Further,

6

Rayner's report "does not identify the *actual* cause of the cracking, but only one *possible* cause" (i.e., the Explosion). (*Id.* at 8 (emphasis added) (citing Doc. 35-4 at 138–39).) Thus, Plaintiff cannot rely upon Rayner's report to establish, by a preponderance of the evidence, that the Explosion is the cause of the damage to the Rental Property. (*Id.*) Likewise, Plaintiff cannot establish legal cause, because he has presented "no evidence" concerning the actual cause of the Explosion, nor has he "identified any . . . expert witness" who will testify about the actual cause. (*Id.* at 9.) Finally, Dow Chemical argues that Plaintiff cannot invoke *res ipsa loquitur* because he has not isolated the cause of the damage to the Rental Property. (*See id.* at 10–11 (citing, *inter alia*, *Lawson v. Mitsubishi Motor Sales of Am., Inc.*, 2005-0257 (La. 9/6/06), 938 So. 2d 35, 50).)

### B.    Plaintiff's *Opposition* (Doc. 41)

Plaintiff argues that he "is not required to prove the specific equipment failure or operational error that caused the [E]xplosion itself." (Doc. 41 at 4.) Nevertheless, Plaintiff directs the Court to an Investigation Report by the U.S. Chemical Safety and Hazard Investigation Board ("CSB"). (*Id.* at 4–5, 8, 13–14 (referencing Doc. 41-2).)

Next, Plaintiff asserts that, after inspecting the Rental Property, Rayner "concluded that many of the cracks observed can be attributed to seismic-type forces induced by the [Explosion]." (*Id.* at 6.) According to Plaintiff, "[t]he temporal proximity between the explosion and the observed damage, combined with Mr. Rayner's expert opinion linking the two, creates a genuine issue of material fact regarding causation." (*Id.* at 7.) Somewhat relatedly, Plaintiff suggests that *res ipsa loquitur* "may be applicable in this case" because (1) "[e]xplosions at chemical facilities do not

ordinarily occur in the absence of negligence," (2) the facility was under Dow Chemical's exclusive control, and (3) "Plaintiff did nothing to contribute to the [E]xplosion." (*Id.* at 13.)[4]

Finally, Plaintiff attaches his own declaration, as well as the declarations of his son, Ryan Comeaux, and his nephew, Matthew Comeaux. (*See id.* at 10–11 (referencing Docs. 41-7, 41-8, 41-9).) According to Plaintiff, the Rental Property did not have any cracks prior to the Explosion. (*Id.* at 10 (referencing Doc. 41-7 at 2, ¶ 4); *accord* Doc. 41-8 at 1, ¶ 4; Doc. 41-9 at 2, ¶ 5.) Relatedly, Plaintiff's son and his nephew both declare that, at the time of the Explosion, they felt vibrations. (*Id.* at 10–11 (referencing Doc. 41-8 at 2, ¶ 5; Doc. 41-9 at 1, ¶ 4).)

## C.    Defendant's *Reply* (Doc. 43)

First, Dow Chemical argues that, pursuant to 42 U.S.C. § 7412(r)(6)(G), the CSB Investigation Report is improper summary judgment evidence. (Doc. 43 at 1–2 (citing, *inter alia*, *Campos v. Steves & Sons, Inc.*, 10 F.4th 515, 521 (5th Cir. 2021); *Terry v. BP Amoco Chem. Co.*, 574 F. App'x 410, 415 (5th Cir. 2014) (per curiam)).) And "[a]part from its statutory inadmissibility," the report "is hearsay and has not been authenticated." (*Id.* at 3 (citing Fed. R. Evid. 801(c), 901, 902).) Plaintiff has not demonstrated how such evidence can be presented in a form admissible at trial. (*Id.* (referencing Fed. R. Civ. P. 56(c)(2)).)

Second, Dow Chemical reiterates that "there is no evidence, admissible or otherwise," establishing that the Explosion caused the cracking throughout the Rental Property. (*Id.* at 7.) Plaintiff "did not attach any evidence" that the Explosion created any seismic activity and/or

---

[4] Plaintiff also appears to posit that Dow Chemical was performing an ultrahazardous activity, such that absolute liability applies. (Doc. 41 at 13, 16 (citing La. Civ. Code art. 667).) But ultrahazardous activities are "*strictly limited* to pile driving or blasting with explosives." La. Civ. Code art. 667 (emphasis added). And notably, Plaintiff has not presented any evidence that Dow Chemical was engaged in either such activity. *See Yokum v. 615 Bourbon St., L.L.C.*, 2007-1785 (La. 2/26/08), 977 So. 2d 859, 874 (indicating that the plaintiff bears the burden here). Plaintiff's only evidence of the Explosion and its cause is the CSB Investigation Report. (*See* Doc. 41-2.) Putting aside the question of whether such a report is competent summary judgment evidence, *see infra*, the Court notes that the report reflects that Dow Chemical was engaged in the production of ethylene oxide, (*see* Doc. 41-2 at 12–15), not pile driving or blasting with explosives. The Court will therefore disregard this argument by Plaintiff, to the extent made.

8

shockwaves. (*Id.*) Nor did Plaintiff attach any evidence of the intensity of any such forces. (*Id.*) Likewise, Rayner "did not offer an opinion" concerning the creation or intensity of any such forces. (*Id.* (citing Doc. 35-3).) Finally, because Plaintiff has not presented admissible evidence of the cause of the Explosion, he "c[annot] prove that the breach of [Dow Chemical's] duty, whatever it may be, was a 'legal cause' of . . . Plaintiff's damage." (*Id.* at 7–8 (citing, *inter alia*, *Ballard v. Buckley Powder Co.*, 60 F. Supp. 2d 1180, 1187 (D. Kan. 1999)).)

## V.   DISCUSSION

### A.   Applicable Law

"A federal court sitting in diversity applies the substantive law of the forum state"—here, Louisiana. *See Bordenave v. Delta Air Lines, Inc.*, No. 18-637, 2020 WL 377017, at *2 (M.D. La. Jan. 23, 2020) (Dick, C.J.) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)); *accord DP Sols., Inc. v. Rollins, Inc.*, 353 F.3d 421, 428 (5th Cir. 2003). "Under Louisiana law, '[t]he duty-risk analysis is the standard negligence analysis employed in determining whether to impose liability.'" *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008) (quoting *Lemann v. Essen Lane Daiquiris, Inc.*, 2005-1095 (La. 3/10/06), 923 So. 2d 627, 632). "Under this approach, [a] plaintiff must prove the following five elements:" (1) duty of care, (2) breach of duty of care, (3) cause-in-fact, (4) scope of liability (i.e., legal cause), and (5) damages. *Id.* (citing *Lemann*, 923 So. 2d at 633). Failure to prove one or more of these elements "results in a determination of no liability." *Mathieu v. Imperial Toy Corp.*, 94-0952 (La. 11/30/94), 646 So. 2d 318, 326.

The cause-in-fact element is "usually a 'but for' inquiry": Would the accident have happened but for the defendant's substandard conduct? *Boykin v. La. Transit Co.*, 96-1932 (La. 3/4/98), 707 So. 2d 1225, 1230. There can, however, be more than one factual cause of an accident. *See Reulet v. Lamorak Ins. Co.*, No. 20-404, 2022 WL 13961869, at *3 (M.D. La. Oct. 21, 2022)

9

(Jackson, J.) ("Under Louisiana law, proving 'causation' does *not* require the plaintiff to show that the defendant's conduct was the sole or exclusive factor resulting in his injury."). "When there are concurrent causes of an accident which nevertheless would have occurred in the absence of one of the causes, the proper inquiry is whether the conduct under consideration was a substantial factor in bringing about the accident." *Boykin*, 707 So. 2d at 1230 n.10; *see also Perkins v. Entergy Corp.*, 98-2081 (La. App. 1 Cir. 12/28/99), 756 So. 2d 388, 407 (noting that whether conduct was a "substantial factor" is a question of whether, "more probably than not," it was "a necessary ingredient of the accident" (quoting *Miller v. Fields*, 570 So. 2d 39, 42 (La. App. 4 Cir. 1990), *writ denied*, 575 So. 2d 374 (La. 1991))), *aff'd*, 2000-1372 (La. 3/23/01), 782 So. 2d 606.

"Lawsuits cannot be decided on speculation or suspicion alone." *Mart v. Hill*, 505 So. 2d 1120, 1128 (La. 1987). Thus, the plaintiff bears the burden of proving cause-in-fact by a preponderance of the evidence. *Perkins*, 756 So. 2d at 407 (citing *Dabog v. Deris*, 625 So. 2d 492, 493 (La. 1993)); *see also id.* ("One must prove what probably happened as opposed to what 'could' have happened and what is a 'statistical possibility.'"); *Todd v. State Through Dep't of Soc. Servs., Off. of Cmty. Servs.*, 96-3090 (La. 9/9/97), 699 So. 2d 35, 43 ("Proof which establishes only possibility, speculation, or unsupported probability does not suffice to establish a claim."); *Salgado v. Elec. Ins. Co.*, No. 18-522, 2020 WL 6370992, at *5–7 (M.D. La. Oct. 29, 2020) (deGravelles, J.) (citing, *inter alia*, *Jordan v. Travelers Ins. Co.*, 245 So. 2d 151, 155–56 (La. 1971)) ("A review of Louisiana case law makes clear that, despite the occasional use of phrases like 'some degree of certainty,' the standard of proof is, plainly and simply, 'more probable than not.'").

**B.    Analysis**

*1.    Rayner's Report & Deposition Testimony*

The Court reiterates that it is under no obligation to comb the record in order to ascertain

10

whether there is a genuine issue of material fact. *See* M.D. La. Civ. R. 56(c), (f); *see also* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."); Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . ."); *cf. Dunkel*, 927 F.2d at 956 ("Judges are not like pigs, hunting for truffles buried in briefs."). But because the parties apparently agree that the element of cause-in-fact hinges on the contents of Rayner's report and deposition testimony, (*see* Doc. 41 at 7), the Court has carefully reviewed same, *see Braud*, 2019 WL 3364320, at *4.

Rayner did not perform a "total and complete investigation" of the Rental Property. (Doc. 35-3 at 1; *see also* Doc. 35-4 at 68 (describing a "total and complete investigation").) In fact, he made only one visual inspection lasting roughly 1.5 hours. (*See* Doc. 35-4 at 51–54.) His one-page report with photographs, (*see* Doc. 35-3), "was strictly based" on this inspection, (Doc. 35-4 at 54). Rayner did not, in other words, research the Explosion. (*Id.*) He did not review any data. (*E.g.*, *id.* at 72–73, 90–91.) And he did not perform any impact studies. (*See id.* at 54, 56, 68–70, 89–91.) On the contrary, he testified that determining the intensity of seismic activity and/or shockwaves is outside his expertise. (*See id.* at 68–70, 89–91 ("[A]s far as recreating the exact pressure from that distance, that's not part of the scope of my work.").)

Rayner also acknowledged that his report "assum[es]" that the Explosion created a "one-time" force that reached the Rental Property. (*Id.* at 82–86.) Likewise, the report assumes that the cracking throughout the Rental Property occurred during or immediately after the Explosion. (*Id.* at 85–86; *see also* Doc. 35-3 at 1 (noting that Plaintiff "informed [Rayner] that the cracks were not present directly before the [E]xplosion[]," and relying upon Plaintiff's representation); Doc. 35-4 at 54, 56–57 (explaining that Rayner did not reference any documents, such as prior inspection reports, when preparing his own report).) Although Rayner made his visual inspection some five

11

months after the Explosion, (*see* Doc. 35-3 at 1), he did not confirm that, post-Explosion, "there were no other . . . incidents that could have possibly caused cracks," (Doc. 35-4 at 87–88).

Rayner's report states: "Due to the absence of foundation cracks, and the absence of the[] [observed] cracks directly prior to the chemical plant explosion, it is the opinion of this office [i.e., Rayner Consulting Group, LLC] that many of the cracks observed at the exterior and interior of the [Rental Property] *can* be attributed to the seismic type forces induced by the chemical plant explosion." (Doc. 35-3 at 1 (emphasis added); *see also* Doc. 35-4 at 49 (opining that the cracks "[we]re consistent with a short-term duration . . . impact-type force")).) During his deposition, Rayner explained that his report does not definitively determine the cause(s) of the cracking, although he stated that seismic activity and/or blast waves were the "most likely" cause based on his inspection. (*See* Doc. 35-4 at 138–39 ("We can only take what we saw at the site, correlate it to the blast that we know occurred, and make our conclusion based on that.").)

### 2.    *Cause-in-Fact*

Most likely, resolution of the instant motion can start and stop with cause-in-fact, although the Court will also briefly analyze the element of breach of duty of care.[5] Here, it is at best doubtful that Plaintiff has raised a genuine dispute over cause-in-fact. Plaintiff, his son, and his nephew declare that cracking throughout the Rental Property "became visible" after the Explosion. (Doc. 41-8 at 1, ¶ 4; Doc. 41-9 at 2, ¶ 5; *accord* Doc. 41-7 at 2, ¶ 4.) And Plaintiff asserts that Rayner's report establishes a causal link between the Explosion and this cracking. (*See* Doc. 41 at 7.)[6]

---

[5] Consequently, the Court pretermits analysis of Dow Chemical's other arguments. (*See, e.g.*, Doc. 35-1 at 11–12 (arguing that "there is no evidence of [the] alleged damage" to the Rental Property).)

[6] The Court observes that Plaintiff effectively seeks to apply a *Housley*-type presumption to this suit for property damage, although he identifies no basis for doing so. *See Housley v. Cerise*, 579 So. 2d 973, 980 (La. 1991) ("A claimant's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition." (cleaned up)).

The Court recognizes serious deficiencies with Rayner's report. Again, Rayner made only one visual inspection of the Rental Property. He did not research the Explosion. He did not review any data or perform any impact studies. He did not reference any documents like prior inspection reports. And he did not confirm whether any other forces could have damaged the Rental Property before or after the Explosion. Rather, Rayner accepted Plaintiff's representations about the cracking and relied upon same when opining that the cracking "can be attributed to seismic type forces induced by the [Explosion]." (Doc. 35-3 at 1; *see also* Doc. 35-4 at 89, 138–39.)

Rayner's report is, in other words, based upon a two-fold assumption: first, that the Explosion caused forces far-reaching and powerful enough to damage the Rental Property; and second, that the cracking throughout the Rental Property occurred during or immediately after the Explosion. (*See* Doc. 35-4 at 54, 56, 82–88; *see also id.* at 70 ("[A]s far as recreating the exact pressure from that distance, that's not part of the scope of my work."); Doc. 35-3 at 1 ("[Plaintiff] has informed [Rayner Consulting Group] that the cracks were not present directly before the [E]xplosion[] occurred.").) Without these assumptions, the report merely raises the possibility that unspecified "seismic type forces" and/or shockwaves of unknown size and strength caused cracking throughout the Rental Property. (*See* Doc. 35-3 at 1.) This is insufficient to create a genuine dispute over cause-in-fact. *See Todd*, 699 So. 2d at 43 ("Proof which establishes only possibility, speculation, or unsupported probability does not suffice to establish a claim."); *see also Perkins*, 756 So. 2d at 407 (noting that the plaintiff bears the burden of establishing cause-in-fact by a preponderance of the evidence).

The Court also recognizes, however, that Dow Chemical has brought a motion for summary judgment, and that the standard is favorable to the nonmovant. In his report and during his deposition, Rayner identified the Explosion as the likely cause of the cracking based on the above

13

assumptions. On the chance that Rayner's statements can be read to create a genuine dispute over cause-in-fact, the Court next considers another independent basis for granting summary judgment.

### 3.    *Breach of Duty of Care*

Even if Rayner's report and deposition testimony are adequate to create a genuine dispute over cause-in-fact, summary judgment is nevertheless appropriate. Simply, Plaintiff has not presented any competent summary judgment evidence that Dow Chemical was negligent in causing the Explosion at its facility (i.e., that Dow Chemical breached its duty of care to Plaintiff). *See* Fed. R. Civ. P. 56(c)(2). Plaintiff's only evidence of the Explosion and its cause is the CSB Investigation Report. (*See* Doc. 41-2.)[7] But as Dow Chemical correctly notes, "[n]o part of the conclusions, findings, or recommendations of the [CSB] relating to any accidental release or the investigation thereof shall be admitted as evidence or used in any action or suit for damages arising out of any matter mentioned in such report." 42 U.S.C. § 7412(r)(6)(G).

Further, in *Terry v. BP Amoco Chemical Co.*, the Fifth Circuit determined that similar pieces of evidence—a CSB Safety Bulletin and a CSB press release—were not only statutorily inadmissible but "also likely constitute[d] inadmissible hearsay." *See* 574 F. App'x at 415 & nn.7–8 (citing Fed. R. Evid. 801–802); *see also Johnson v. Packaging Corp. of Am.*, No. 18-613, 2024 WL 1112960, at *5–6 (M.D. La. Mar. 14, 2024) (Dick, C.J.) (excluding, *inter alia*, a CSB Investigation Report and Recommendation); *Minton v. Intercontinental Terminals Co., LLC*, No. 21-143, 2023 WL 11857612, at *3 (S.D. Tex. Sept. 12, 2023) ("While there is nothing to stop the [p]laintiffs from reviewing the [CSB] Report and checking its findings against what they developed in discovery, the Report itself cannot be used in the trial or otherwise in the litigation.");

---

[7] Plaintiff also attaches the declarations of his son and his nephew. (*See* Docs. 41-8, 41-9.) Although these individuals declare that, around the time of the explosion, they felt vibrations—and, in the case of Plaintiff's nephew, heard the blast—such statements in no way suggest that the Explosion was caused by Dow Chemical's negligence. (*See* Doc. 41-8 at 2, ¶ 5; Doc. 41-9 at 1, ¶ 4.)

*Stallworth v. Packaging Corp. of Am.*, No. 18-440, 2018 WL 4869198, at \*2 & n.2 (W.D. La. Aug. 30, 2018), *report and recommendation adopted*, 2018 WL 6532988 (W.D. La. Dec. 10, 2018).

Plaintiff has not argued whether or how the CSB Investigation Report—or, more specifically, its conclusions, findings, and/or recommendations—can be presented in an admissible form. *See, e.g.*, *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) ("At the summary judgment stage, materials cited to support or dispute a fact need only be *capable* of being 'presented in a form that would be admissible in evidence.'" (quoting Fed. R. Civ. P. 56(c)(2))). Indeed, as the above authorities suggest, the CSB Investigation Report cannot be used here. *See, e.g.*, 42 U.S.C. § 7412(r)(6)(G). The upshot is that Plaintiff has presented no competent summary judgment evidence concerning the Explosion or its cause. *See also Terry*, 574 F. App'x at 415 ("[The CSB Safety Bulletin and press release] are the only evidence that Andrews identified as raising a material issue of fact as to BP's responsibility for the explosion. . . . Because Andrews did not identify any admissible evidence that BP breached its legal duty of care owed to Andrews, BP was entitled to summary judgment.").

Nor is this an instance where *res ipsa loquitur* applies. At a minimum, Plaintiff has not presented any facts that would "reasonably permit [a] jury to discount other possible causes [of the Explosion] and to conclude [that] it was more likely than not that [Dow Chemical's] negligence caused the [damage to the Rental Property]." *See Cangelosi v. Our Lady of the Lake Reg'l Med. Ctr.*, 564 So. 2d 654, 665–66 (La. 1989); *see also id.* ("In order to utilize the doctrine of *res ipsa loquitur* the plaintiff must establish a foundation of facts on which the doctrine may be applied."); *Lawson*, 938 So. 2d at 50 ("[T]he evidence should sufficiently exclude inference of the plaintiff's own responsibility or the responsibility of others besides [the] defendant in causing the accident." (cleaned up)).

Altogether, then, Dow Chemical has "demonstrate[d] the absence of a genuine issue of material fact by pointing out that the record contains" inadequate support for the element of cause-in-fact. *See Wease*, 915 F.3d at 997 (quoting *Stahl*, 283 F.3d at 263). After careful review of the record, the Court agrees with Dow Chemical that Plaintiff has merely raised the possibility that the Explosion caused the damage to the Rental Property. *See Todd*, 699 So. 2d at 43. But even if Rayner's report and deposition testimony can be read to create a genuine dispute over cause-in-fact, Plaintiff also has not established Dow Chemical's negligence, because Plaintiff has not presented any competent summary judgment evidence concerning the Explosion or its cause. In short, Plaintiff has not raised a genuine dispute over at least one of the elements of his negligence claim. *See Mathieu*, 646 So. 2d at 326. Summary judgment is therefore warranted.

### 4.    *Additional Time for Discovery*

Lastly, the Court notes that Plaintiff has requested "additional time to conduct discovery pursuant to Rule 56(d)." (Doc. 41 at 12, 14–15, 17.) The Court denies this request for three interrelated reasons.[8] First, the period for discovery has closed, after having been extended once already. (*See* Doc. 27 at 1.) Second, Plaintiff has requested additional time for the specific purpose of obtaining estimates of the costs of demolition and/or repair of the Rental Property. (*See* Doc. 41 at 12.) But beyond the vague assertion that "no workm[e]n/contractors seem to be interested in undertaking [repair]," (*see id.*), Plaintiff does not explain why he has been unable to obtain such information thus far, *cf. Int'l Shortstop*, 939 F.2d at 1267 ("If . . . the nonmoving party has not diligently pursued discovery of that evidence, the court need not accommodate the nonmoving party's belated request."). And third, estimates of the costs of demolition and/or repair go to the

---

[8] *See also Bourgeois v. Walmart Inc.*, No. 19-8, 2020 WL 1161928, at *2 (M.D. La. Mar. 10, 2020) (deGravelles, J.) (citing *Am. Fam. Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (per curiam)) ("District courts have discretion to grant or deny a Rule 56(d) motion.").

element of damages, whereas the Court resolves the instant motion on the basis of Plaintiff's failure to raise a genuine dispute over cause-in-fact and/or breach of duty of care. *See id.* ("If the additional discovery will not likely generate evidence germane to the summary judgment motion, the district court may, in its discretion, proceed to rule on the motion without further ado.").[9]

## VI.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the *Motion for Summary Judgment* (Doc. 35) filed by Defendant The Dow Chemical Company is **GRANTED**. Plaintiff Ronald D. Comeaux's claims against Defendant The Dow Chemical Company will be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the *Motion to Append Exhibit* (Doc. 44) filed by Plaintiff Ronald D. Comeaux is **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on <u>June 5, 2026</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[9] *See also Am. Fam. Life Assurance Co.*, 714 F.3d at 894 ("[T]he non-moving party must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010))).